IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

MICHELE COSGROVE,

    Plaintiff,

vs.

    No. CIV – 03 – 1 4 7 5  RLP RHS

LARKSPUR, L.L.C., a New Mexico
Limited Liability Corporation,

    Defendant.

## COMPLAINT FOR DECLARATORY JUDGMENT, SPECIFIC PERFORMANCE AND DAMAGES FOR BREACH OF CONTRACT FOR SALE OF REAL PROPERTY

### JURISDICTION AND VENUE

1. Plaintiff, Michele Cosgrove is a resident of the State of California.

2. Defendant, Larkspur, LLC, is a Domestic Limited Liability Corporation that is incorporated in the State of New Mexico and with its principal place of business at 10 Navajo, Los Alamos, New Mexico 87544.

3. The principal business of Larkspur, LLC is real estate development and general contracting.

4. The amount in controversy exceeds the sum or value of $75,000.00.

5. Jurisdiction and venue are proper pursuant to 28 USCA §1332(a).

6. The real property that forms the subject matter of this action is located in Sandoval County, New Mexico.

### BACKGROUND FACTS

7. Michele Cosgrove and Larkspur, LLC have entered into four purchase agreements in which Larkspur, LLC would sell to Michele Cosgrove four (4) four-plexes

at $310,000.00 each. (See Purchase Agreements, attached hereto as Exhibits A, B, C and D.)

8. On February 11, 2003, Michele Cosgrove signed each Purchase Agreement.

9. On February 14, 2003, Thomas G. Joseph, as Managing Member of Larkspur, LLC, signed each Purchase Agreement.

10. Each four-plex was to be sold by Larkspur, LLC for the amount of $310,000.00.

11. As consideration for the purchase of each four-plex, Michele Cosgrove deposited $3,000.00 earnest money with Fidelity Title Company, for a total of $12,000.00 earnest money paid. (See Copy of Check from Michele Cosgrove to Fidelity Title Company, attached hereto as Exhibit E.)

12. Each Purchase Agreement was, "contingent upon the Purchaser obtaining a new loan at a rate and terms satisfactory to Purchaser. Purchaser must obtain loan approval no later than March 5th, 2003." (See Exhibits A - D at Paragraph 26, "ACCEPTANCE BY SELLER".)

13. Each Purchase Agreement was contingent on receipt by Michele Cosgrove ("Buyer") of a $232,500.00 loan to be secured by a mortgage loan for a maximum of thirty (30) years. The Buyer was to, "make a diligent effort to obtain the loan and will make application for the loan within seven (7) days after the date of acceptance." Pursuant to the purchase agreement, he Agreement would terminate in the event of written rejection. (See Exhibits A – D at Paragraph 6(A).)

14. Michele Cosgrove obtained loan approval in the amount of $232,500.00 for each four-plex as required by the purchase agreement, contingent only upon the a final appraisal of the four-plexes (when constructed) and final underwriting review. (See Letter from Nancy Archuleta, Vice President of Melbourne Financial Corporation to Joe Romero, Purchase Agent for Michele Cosgrove, dated February 5, 2003, and attached hereto as Exhibit F.) (See also Assetwise Findings Reports approving loans to Michele Cosgrove for the amounts specified in the Purchase Agreements, attached hereto as Exhibit G.) (See also Letter from Joe Romero to Michele Cosgrove, dated February 6, 2003 and attached hereto as Exhibit H.)

15. Copies of the loan approval were provided to Larkspur prior to March 5, 2003.

## COUNT ONE
## DECLARATORY JUDGMENT

16. Larkspur has asserted, though his attorney, Scott E. Turner, that he will not perform his obligation to sell the property to Michele Cosgrove, as required under the Purchase Agreements. (See correspondence between Scott E. Turner and Suzanna R. Valdez, attached hereto as Exhibit I.)

17. Larkspur has asserted that Michele Cosgrove failed to secure mortgage loans as required by the Purchase Agreements, failing to perform her obligations under the Purchase Agreements. (See Id.)

18. Based on its assertions, Larkspur has alleged that Michele Cosgrove failed to comply with the terms of the Purchase Agreements and is in default of the Purchase Agreements. (See Id.)

19. Based upon his assertions that Michele Cosgrove failed to comply with the Purchase Agreements, Larkspur has taken the position that the Purchase Agreements were terminated. (See Id.)

20. Prior to declaring that Michele Cosgrove had breached the purchase agreements, Larkspur demanded that the sale price of each four-plex be increased from $310,000.00 to $340,000.00, the amount at which identical units had been appraised.

21. Upon Michele Cosgrove's refusal to renegotiate the sale price, Larkspur asserted for the first time through its attorneys that Ms. Cosgrove was in breach of the Purchase Agreements.

22. Michele Cosgrove complied with her obligations under the Purchase Agreements and is entitled to enforcement of those agreements.

23. By reason of the Defendant's assertions, Michele Cosgrove is forced to file this Complaint For Declaratory Judgment.

24. Pursuant to the terms of the Purchase Agreements, Plaintiff is entitled to her attorneys' fees and costs incurred herein.

WHEREFORE, Plaintiff requests that the Court enter an order declaring that Michele Cosgrove has complied with all terms of the Purchase Agreements, that such agreements are valid and enforceable, awarding Plaintiff her attorneys' fees and costs incurred herein, and granting such further relief as the Court deems just and proper.

## COUNT TWO
## SPECIFIC PERFORMANCE

25. Plaintiff incorporates the allegations set forth in Paragraphs 1 through 24 as though fully set forth herein.

26. Plaintiff has fully complied with all terms of the Purchase Agreements.

27. Plaintiff is entitled to specific performance of the Purchase Agreements.

28. Pursuant to the terms of the Purchase Agreements, Plaintiff is entitled to her attorneys' fees and costs incurred herein.

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order directing Larkspur to finish construction of the four-plex units as per the terms of the Purchase Agreements, and proceed to sale of those units to Plaintiff under the terms and at the price set forth in the Purchase Agreements, and awarding Plaintiff her attorneys' fees and costs, and granting such further relief as the Court deems just and proper.

## COUNT THREE
## DAMAGES FOR BREACH OF CONTRACT

29. Plaintiff incorporates the allegations set forth in Paragraphs 1 through 28 above as though fully set forth herein.

30. In the alternative to Count Two, Plaintiff has been damaged by Larkspur's breach of the Purchase Agreements and refusal to construct and sell the four four-plex units to Plaintiff under the terms and conditions of the Purchase Agreeements.

31. Larkspur's breach has damaged Plaintiff in the difference between the sale price of the four-plex units and the appraisal of the identical units.

32. The difference between the sale price and the appraised value is $30,000.00 per unit, for a total of $120,000.00.

33. In addition, Plaintiff has been damaged in the loss of income that she would have derived from the rental of the four-plex units. The amount of this lost income will be proven at trial.

34.     Pursuant to the terms of the Purchase Agreements, Plaintiff is entitled to her attorneys' fees and costs incurred herein.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor against Larkspur in an amount of $120,000.00, plus the amount of lost rental income, plus Plaintiff's attorneys' fees and costs incurred herein, and that the Court grant such further relief as the Court deems just and proper.

Respectfully submitted,

HUFFAKER & CONWAY, P.C.

*(signature)*

Ann Maloney Conway
Deron B. Knoner
Post Office Box 1190
Albuquerque, New Mexico 87103-1190
(505) 244-0021
Fax: (505) 244-1372

Attorneys for Plaintiff

**THE EXHIBITS ATTACHED TO THIS PLEADING ARE TOO VOLUMINOUS TO SCAN. SAID EXHIBITS ARE ATTACHED TO THE ORIGINAL PLEADING IN THE CASE FILE WHICH IS LOCATED IN THE RECORDS DEPARTMENT, U.S. DISTRICT COURT CLERK'S OFFICE...**